UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-02860-SKC

DPF ALTERNATIVES, LLC,

    Plaintiff,

v.

DET DIESEL EMISSION TECHNOLOGIES, LLC; and SYNERGY CATALYST, LLC,

    Defendants.

### DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF PERSONAL JURISDICTION

Pursuant to Fed. R. Civ. P. 12(b)(2), Defendants DET Diesel Emission Technologies, LLC (**"DET"**) and Synergy Catalyst, LLC (**"Synergy"**) move the Court for an order, in the form filed with this Motion, dismissing Plaintiff DPF Alternatives, LLC's claims against Defendants for lack of personal jurisdiction.

### INTRODUCTION

Nothing in the Complaint shows Defendants intentionally aiming conduct at Colorado, or even knowing their conduct could injure anyone in Colorado. Nor does the Complaint include any details tying Defendants' alleged actions or the underlying controversy to Colorado. In fact, the Complaint makes only one reference to where any of the alleged activities occurred: Texas. The Complaint's conclusory claims lump the Defendants together and lack any reasonable inference of minimum contacts. Forcing Defendants to defend themselves in Colorado will violate Due Process. So the Court should dismiss the Complaint.

## FACTS

The following facts are supported by the Declarations filed on behalf of DET and Synergy, attached as Exhibits 1-2.

1. DET and Synergy are both Texas limited liability companies, organized in and under the laws of the State of Texas.

2. DET and Synergy both have their principal place of business in Coppell, Texas.

3. Neither DET nor Synergy own property in Colorado, maintain an office in Colorado, or have any employees in Colorado.

4. Neither DET nor Synergy ever signed or otherwise entered any contract agreeing to a forum in Colorado or consenting to the personal jurisdiction of Colorado courts.

5. Neither DET nor Synergy are registered to do business in Colorado, have an agent for service of process in Colorado, or have any telephone number or mailing address in Colorado.

6. Traveling to Colorado to defend this lawsuit would be highly burdensome to both DET and Synergy. It would require time and expense for their employees and agents to travel to a state where they have no offices or employees.

## ARGUMENT

"'The plaintiff has the burden of establishing personal jurisdiction.'" Eighteen Seventy v. Jayson, 32 F.4th 956, 964 (10th Cir. 2022)(citation omitted). "When personal jurisdiction is decided on the basis of a complaint and affidavits," Plaintiff must meet this burden with "plausible, non-conclusory, and non-speculative" facts. Compania de Inversiones Mercantiles v. Grupo Cementos de Chihuahua, 970 F.3d 1269, 1281 (10th Cir. 2020)(citation omitted). Only "the well pled facts of plaintiff's complaint, as distinguished from mere conclusory allegations, must be

accepted as true." Great Divide Brewing v. Gold Key/PHR Food Services, 127 F. Supp.3d 1137, 1142 (D. Colo. 2015). Courts accept such facts as true "unless they are controverted by sworn statements." XMission v. Fluent LLC, 955 F.3d 833, 836 (10th Cir. 2020). The "allegations in the complaint are only taken as true to the extent that they are uncontroverted by defendant's affidavits." Faber v. Townsend Farms, 54 F. Supp.3d 1182, 1186 (D. Colo. 2014).

"A federal court may not exercise personal jurisdiction over an out-of-state defendant unless . . . the exercise of statutory jurisdiction comports with constitutional due process."[1] XMission, 955 F.3d at 839. "The Due Process Clause of the Fourteenth Amendment 'constrains a State's authority to bind a nonresident defendant to a judgment of its courts. For a court to exercise jurisdiction in harmony with due process, defendants must have minimum contacts with the forum state, such that having to defend a lawsuit there would not offend traditional notions of fair play and substantial justice.'" Id. (citation omitted). A plaintiff may show minimum contacts "through either general jurisdiction or specific jurisdiction." Id. "If a court determines that the minimum contacts standard is satisfied, it next assesses whether 'exercising personal jurisdiction over defendants' would otherwise 'be consonant with traditional notions of fair play and substantial justice,' in order to fully satisfy due process requirements." Eighteen Seventy, 32 F.4th at 966 (citation omitted).

---

[1] "Colorado's long arm statute is coextensive with the constitutional limitations imposed by the Due Process clause; therefore, the inquiry collapses into the single determination of whether jurisdiction is consistent with the Due Process clause." Greenway Nutrients v. Blackburn, 33 F. Supp.3d 1224, 1240 (D. Colo. 2014).

### I.     **THIS COURT LACKS SPECIFIC PERSONAL JURISDICTION OVER DEFENDANTS**

"The minimum contacts test for *specific* personal jurisdiction has two requirements: (1) a defendant must have 'purposefully directed its activities at residents of the forum state,' and (2) the plaintiff's injuries must arise out of the defendant's forum-related activities." Dental Dynamics v. Jolly Dental Group, 946 F.3d 1223, 1229 (10th Cir. 2020)(citation omitted).

#### A.     **Defendants Have Not Purposefully Availed Themselves of the Privilege of Conducting Business in Colorado**

"[P]urposeful direction ensures that defendants will not be haled into court in foreign jurisdictions solely as a result of 'random, fortuitous, or attenuated contacts.'" Dental Dynamics, 946 F.3d at 1229 (citation omitted). "The mere foreseeability of causing injury in another state is insufficient on its own to establish purposeful direction." Id. "'The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State.'" Zebrasky v. Montgomery Mut. Ins., 2023 WL 5625293, at *3 (D. Colo. 2023)(citation omitted).

Instead, a plaintiff must show that "'the defendant deliberately has engaged in significant activities within a State.'" Old Republic Ins. v. Continental Motors, 877 F.3d 895, 905 (10th Cir. 2017)(citation omitted). "This test analyzes whether an out-of-state defendant's tortious conduct satisfies three elements: '(1) an intentional action; (2) expressly aimed at the forum state; and (3) . . . knowledge that the brunt of the injury would be felt in the forum state.'" Eighteen Seventy, 32 F.4th at 966–67. "As the proponent of jurisdiction, plaintiffs must demonstrate each element of the effects test to satisfy the purposeful direction standard; that is, plaintiffs' failure to establish even one of the elements will doom their showing of purposeful direction." Id.

4

The Complaint alleges no actions by either Defendant in which they purposefully availed themselves of the privilege of conducting business in Colorado. The Complaint makes no allegations that either DET or Synergy has residence or business operations in Colorado. Neither of the Defendants are incorporated in Colorado or do business in Colorado. Neither DET nor Synergy is registered to do business in Colorado, has an agent for service of process in Colorado, or has any telephone number or mailing address in Colorado. The Complaint specifies no actions—intentional or otherwise—expressly aimed at Colorado, let alone any action made with knowledge of injury felt in Colorado.

Instead, the Complaint parrots personal jurisdiction buzzwords, with nothing more. (Doc. 1, ¶ 15-16). But Plaintiff must meet its burden with "plausible, non-conclusory, and non-speculative" facts. Compania de Inversiones Mercantiles, 970 F.3d at 1281. The Complaint lacks any such facts. And when it does specify the states in which its allegations happened, the Complaint alleges actions in Texas. (Doc. 1, ¶¶ 6-7, 36). Plaintiff has not and cannot allege purposeful availment, depriving this Court of personal jurisdiction over Defendants.

**B.     Defendants Have No Colorado Contacts from which this Litigation Could Arise**

"The arising-out-of component of the test requires courts to ensure that there is an adequate link between the forum State and the claims at issue, regardless of the extent of a defendant's other activities connected to the forum." XMission, 955 F.3d at 840. The requirement mandates that "the plaintiff's claim arises out of or results from 'actions by the defendant *himself* that create a substantial connection with the forum state.'" TH Agriculture & Nutrition v. Ace European Group, 488 F.3d 1282, 1291 (10th Cir. 2007)(citation omitted).

5

> In order for a court to exercise specific jurisdiction over a claim, there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State. When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State.

Old Republic, 877 F.3d at 908 (citations omitted).

The Complaint again specifies nothing. The Complaint alleges no DET or Synergy connection to Colorado. Nothing in the Complaint states how Plaintiff's claims could arise out of, relate to, or have any connection between Defendants and Colorado. The Complaint contains only one reference to a location where any alleged activity happened: Texas. (Doc. 1, ¶ 36). The Complaint alleges no actions by Defendants that touched Colorado, let alone created a substantial connection to Colorado. These voids bar the exercise of personal jurisdiction over Defendants in Colorado.

Finally, Plaintiff's claims lump Synergy and DET together, even though the Court must consider each Defendant individually. The Complaint must specify "'actions by the defendant *himself* that create a substantial connection with the forum state.'" TH Agriculture, 488 F.3d at 1291. See also Calder v. Jones, 465 U.S. 783, 790 (1984)("Each defendant's contacts with the forum State must be assessed individually"); State ex rel. Weiser v. JUUL Labs, 517 P.3d 682, 690 (Colo. 2022). The Complaint makes no DET or Synergy specific allegations—instead lumping the of them together and aggregating their forum contacts—again requiring dismissal for lack of personal jurisdiction.

**II.     THIS COURT LACKS GENERAL JURISDICTION OVER DEFENDANTS**

"A person is subject to general jurisdiction within a State if its contacts with the State are so 'continuous and systematic' that the person is essentially at home in the State." XMission, 955

F.3d at 840 (citation omitted). "Because general jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent minimum contacts test, requiring the plaintiff to demonstrate the defendant's continuous and systematic general business contacts." Old Republic Ins. v. Continental Motors, 877 F.3d 895, 904 (10th Cir. 2017)(citation omitted). "A corporation that operates in many places can scarcely be deemed at home in all of them." American Fidelity Assurance v. Bank of New York Mellon, 810 F.3d 1234, 1241 (10th Cir. 2016)(citation omitted). So, with "'respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction.'" Vora v. C4 Therapeutics, 2023 WL 4899568, at *4 (D. Colo. 2023)(quoting Daimler AG v. Bauman, 571 U.S. 117, 137 (2014)).

Defendants are nowhere close to home in Colorado. They are incorporated in Texas, not Colorado. Their principal place of business is in Texas, They have no continuous or systematic general business contacts. And aside from one conclusory allegation parroting buzzwords, nothing in the Complaint alleges continuous or systematic contacts.

### III.     FAIR PLAY AND SUBSTANTIAL JUSTICE COMPEL DISMISSAL

Along with lacking minimum contacts, Plaintiff's attempt to haul out-of-state Defendants to this Court contravenes fair play and substantial justice. "'Even when a defendant has purposely established minimum contacts with a forum state, 'minimum requirements inherent in the concept of fair play and substantial justice may defeat the reasonableness of jurisdiction.'" CGC Holding v. Hutchens, 974 F.3d 1201, 1209–10 (10th Cir. 2020)(citation omitted). Courts consider

> (1) "the burden on the defendant," (2) "the forum state's interest in resolving the dispute," (3) "the plaintiff's interest in receiving convenient and effective relief," (4) "the interstate judicial system's interest in obtaining the most efficient resolution of controversies," and (5) "the shared interest of the several states in furthering fundamental substantive social policies."

Id. Forcing Defendants to come to a state where they are neither incorporated nor have a principal place of business will burden them. And the Complaint alleges no Colorado-specific interest. To the contrary, according to the Complaint, Plaintiff "is a nationwide franchise . . . operating over 80 franchise locations nationwide." (Doc. 1, ¶¶ 18-19).

Under these circumstances fair play and substantial justice compel dismissing the Complaint.

## CONCLUSION

Neither DET nor Synergy took any action that touched Colorado. Plaintiff's attempt to rope them into Colorado with conclusory statements claims violates Due Process. The Court should dismiss this case as to both DET and Synergy for lack of personal jurisdiction.

Respectfully submitted on December 27, 2023.

                SPENCER FANE LLP

                */s/ Scott C. Sandberg*
                Scott C. Sandberg, #33566
                Lauren A. Taylor, #52452
                1700 Lincoln Street, Suite 2000
                Denver, Colorado 80203
                (303) 839-3800
                ssandberg@spencerfane.com; ltaylor@spencerfane.com
                **Attorneys for Defendants DET Diesel Emission Technologies, LLC and Synergy Catalyst, LLC**

## CERTIFICATE OF SERVICE

      I hereby certify that on December 27, 2023 a copy of the foregoing was filed and served via CM/ECF on the following:

Michael B. Marion
Bycer & Marion
7220 N. 16th Street, Suite H
Phoenix, Arizona 85020
E:  michael@bycermarion.com

                                                */s/Scott C. Sandberg*
                                                Scott C. Sandberg