UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DPF ALTERNATIVES, LLC, DPF SOURCE LLC, and DPF SOURCE HOLDINGS, LLC,<br><br>Plaintiffs/Counter-Defendants,<br><br>v.<br><br>DET DIESEL EMISSION TECHNOLOGIES, LLC,<br><br>Defendant/Counter-Plaintiff/ Third-Party Plaintiff,<br><br>SYNERGY CATALYST, LLC, PERFORMANCE INDUSTRIES, INC., and MICHAEL VANPATTEN,<br><br>Defendants,<br><br>COLLATERAL RESOURCES, LLC, d/b/a DPF ALTERNATIVES GREELEY, CO, DPF ALTERNATIVES GRAND JUNCTION, CO, DPF ALTERNATIVES IOWA LLC, LUSTER DUSTERS, LLC d/b/a DPF ALTERNATIVES OF SOUTHERN KENTUCKY, DPF ALTERNATIVES CENTRAL & MIDWEST OHIO, DPF ALTERNATIVES, LLC d/b/a DPF ALTERNATIVES AUBURN, WA, DPF CLEAN TECHNOLOGIES, INC., DPF ALTERNATIVES OF SOUTHERN INDIANA LLC, and DPF ALTERNATIVES WEST HOUSTON,<br><br>Third-Party Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION No. 3:24-cv-1953-B |

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion for Partial Summary Judgment (Doc. 195) filed by Counter-

Defendants DPF Alternatives LLC and the Third-Party Defendants (collectively, "DPF"). Counter-Plaintiff DET Diesel Emission Technologies, LLC ("DET") filed an objection (Doc. 208), asking the Court to defer or deny the motion under Federal Rule of Civil Procedure 56(d). DPF filed a reply (Doc. 213). For the following reasons, the Court **DENIES** DPF's motion for summary judgment.

## I.

## BACKGROUND

This is a case with many parties, claims, counterclaims, and third-party claims, but the present motion focuses just on patent infringement claims asserted by the counterclaimant DET.

DPF, the plaintiff in this case, services diesel particulate filters in diesel engines, which are filters that remove environmentally hazardous contaminants from the exhaust produced by burning diesel fuel. *See* Doc. 122, Second Am. Compl. ¶¶ 47–60. One service offered by DPF is removal and replacement of the cylindrically shaped filter—the "core." *See id.* ¶ 58.

Initiating this and several related lawsuits, DPF alleged that DET falsely claimed ownership of a patented system for removing and replacing a core, which DET called "Recore." *See id.* ¶¶ 61–66. Based on the purportedly false claims, DPF agreed to purchase DET's Recore equipment. *See id.* ¶¶ 72–76. Later, once DPF supposedly realized that DET's patent claims were false, DPF came up with its own system for performing the same task, which DPF calls "New Core." *See id.* ¶¶ 95–99.

DET asserted patent infringement counterclaims against DPF. *See* Doc. 128, Countercls. ¶¶ 38–75. DET claims that its Recore system is registered under U.S. Patent No. 12,048,920, *see id.* ¶¶ 25–26, and that DPF's New Core system infringes the '920 Patent, *see id.* ¶¶ 35, 37–75.

The Court conducted a claim construction hearing for the '920 Patent last October and issued a claim construction order shortly thereafter in November. *See* Doc. 172, Mem. Op. & Order.

In that order, the Court construed key claim terms in Claim 1 of the '920 Patent, including "decore shaft," "push plate," "pushout donut," and "collection container." *See id.* at 7–15. Those four claim terms, as construed by the Court, are central to DPF's motion.

DPF's motion for partial summary judgment argues that its New Core system does not include those four claim terms and therefore does not infringe. *See* Doc. 196, Br. Mot. Summ. J., 5–11. In support, DPF points to DET's counterclaim pleadings and preliminary infringement contentions; a declaration from its principal Pedro Reyes, Jr.; operation manuals; and two videos depicting a New Core machine removing cores. *See generally id.*

DET's objection argues that summary judgment is premature because DET has not yet had a chance to physically inspect the New Core system; depose DPF's personnel who designed, assembled, and marketed New Core; receive all written discovery; conduct expert discovery; and conduct discovery regarding variations in New Core systems and the videos DPF submitted. *See* Doc. 209, Br. Obj., 5–11. DPF's reply asserts that DET had an opportunity to depose Reyes but chose to depose others first and that DET had access to the videos prior to the summary judgment motion filing. *See* Doc. 213, Reply, 4.

The Court considers the motion and objection below.

## II.

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "'Summary judgment assumes some discovery,' . . . and such motions should not 'ordinarily be granted before discovery has been completed[.]'" *Shepard v. AC Disaster Consulting, LLC*, No. 4:23-cv-

00857-P, 2024 WL 1235541, at *1 (N.D. Tex. Mar. 4, 2024) (Pittman, J.) (first quoting *Brown v. Miss. Valley State Univ.*, 311 F.3d 328, 333 (5th Cir. 2002); and then quoting *Ala. Farm Bureau Mut. Cas. Co. v. Am. Fid. Life Ins. Co.*, 606 F.2d 602, 609 (5th Cir. 1979)).

"If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." FED. R. CIV. P. 56(d).

**III.**

**ANALYSIS**

This is the textbook scenario where, under Rule 56(d), the motion for summary judgment should be denied. "[A] party's motion for summary judgment may be denied as premature when filed before discovery has been completed." *Shepard*, 2024 WL 1235541, at *1 (citation omitted). Expert discovery is ongoing, and the fact discovery deadline in this case is currently October 5, 2026. *See* Doc. 176, Am. Sched. Order, 2. Moreover, the parties are in the midst of discovery disputes over DET's ability to physically inspect the allegedly infringing New Core technology and over deposition scheduling. *See* Doc. 235, Mot. Compel Inspection; Doc. 253, Resp. Mot. Compel Inspection; Doc. 231, Mot. Dep. Sched. Order; Doc. 249, Resp. Mot. Dep. Sched. Order. DET's objection that it needs discovery on a host of issues involving the allegedly infringing technology is well taken. Summary judgment is predicated upon open discovery leading to the revelation of facts about which there can be no genuine dispute, not the concealment of facts to unfairly disable the other side.

DPF's early summary judgment motion must be denied, rather than deferred, because it is based entirely on self-generated, self-serving evidence. To be sure, there are situations when an early

summary judgment motion could be appropriate, such as when the opposing party makes an admission of fact that eliminates an element of their own case. Here, DPF submitted its principal's declaration and videos created by him to announce that New Core has no "decore shaft" or other required elements to infringe the '920 Patent. *See* Doc. 197, App. Mot. Summ. J., 216–17. The declaration and videos do not eliminate genuine disputes as to material facts because they are the untested assertions of one side. A properly supported summary judgment motion pinpoints undisputed facts from discovery; DPF's motion takes disputed facts, presents its side of the dispute, and then calls the facts "undisputed." Thus, DPF's motion is deficient as currently written, and deferring consideration would not make it any better.

For case administration purposes, DPF has exhausted its one chance to move for summary judgment without leave. *See* N.D. Tex. Civ. R. 56.2(b) ("Unless otherwise directed by the presiding judge, or permitted by law, a party may file no more than one motion for summary judgment."). If DPF desires to file another motion for summary judgment, it must seek leave to do so and should be prepared with a good explanation as to why it filed a deficient motion so early.

**IV.**

**CONCLUSION**

For the foregoing reasons, the Court **DENIES** DPF's motion for partial summary judgment (Doc. 195).

**SO ORDERED.**

**SIGNED: September 2, 2026.**

**JANE J. BOYLE**
**SENIOR UNITED STATES DISTRICT JUDGE**